Filed 10/9/25  In re J.A. CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re J.A., a Person Coming Under the Juvenile Court Law. | H053004*<br><br>(Santa Clara County<br>Super. Ct. No. 23JV46422A) |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>J.A.,<br><br>        Defendant and Appellant. | **PUBLIC REDACTED VERSION OF OPINION** |

J.A. appeals from a restitution order requiring her to pay $17,633 in victim restitution.  Her appointed counsel on appeal has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), in which her counsel raises no issues for appeal and asks this court for an independent

---

\* This case involves material from a sealed record.  In accordance with California Rules of Court, rule 8.46(f)(1) and (f)(2), we have prepared both public (redacted) and sealed (unredacted) versions of this opinion.  We hereby order the unredacted version of this opinion sealed.

review of the record.  Counsel has informed J.A. of her right to file a supplemental brief, and J.A. has not done so.  Finding no arguable error that would result in a disposition more favorable to J.A., we affirm the restitution order.

## I.  FACTS AND PROCEDURAL BACKGROUND

In December 2023, the Santa Clara County District Attorney filed a juvenile wardship petition under Welfare and Institutions Code section 602[1] alleging that J.A. came within the juvenile court's jurisdiction.  [REDACTED]

On August 8, 2024, the juvenile court granted J.A.'s motion pursuant to section 654.2 for informal supervision.[2]  [REDACTED]

[REDACTED][3]  Pursuant to a written,

---

[1] All further unspecified statutory references are to the Welfare and Institutions Code.

[2] " '[T]he procedure contemplated by section 654.2 is a postpetition, preadjudication . . . program of informal supervision.  An order pursuant to section 654.2 essentially places the adjudicatory process on hold in the hope the minor will successfully complete the program of supervision and thereby avoid a judgment altogether.' [Citation.]  Accordingly, a 'juvenile court should not make a true finding of guilt on the allegations of a petition and then order informal supervision.' [Citation.]  'In fact the purpose of the section 654 informal supervision program is to avoid a true finding on criminal culpability which would result in a criminal record for the minor.  If the informal supervision program is satisfactorily completed by the minor, the petition must be dismissed.' " (*In re N.L.* (2022) 81 Cal.App.5th 463, 470.)

[3] [REDACTED]

informal supervision agreement, J.A. agreed to make restitution as determined by the court.

Victim K.F. sought $17,633 in restitution. J.A. objected to this amount, and on January 23, 2025, the juvenile court held a contested restitution hearing. K.F. testified at the hearing about the incident underlying the petition. [REDACTED]

[REDACTED]

K.F.'s restitution request of $17,633 was based on [REDACTED]

On cross-examination by J.A.'s counsel, K.F. acknowledged that she had been to a chiropractor prior to the incident, had dental insurance at the

time of the incident but did not get the dental implant while she had insurance because she was told the procedure would not be covered, and pursued a workers' compensation case based on the incident.

J.A.'s counsel did not object to the $1,565 for out-of-pocket dental expenses. However, J.A.'s counsel objected to the $11,388 for future dental work that was "exceedingly costly . . .[,] not pursued and not estimated when health insurance and dental insurance were in place." Counsel characterized the request as not "appropriate" and a "windfall." Counsel also objected to the payment for chiropractic expenses as lacking a nexus to the incident. Counsel acknowledged that the juvenile court had the discretion to award full or partial restitution "as far as what has been documented and claimed." The assistant district attorney argued that the court had the discretion to award restitution for future losses, particularly where the victim has ongoing injuries. [REDACTED]

The juvenile court in its oral ruling cited its broad discretion under section 730.6 to "make[] sure the victim gets compensated for all demonstrated or determined economic losses" without regard to insurance. Further, it noted it had the authority to award restitution for future medical expenses. With respect to the request for chiropractic expenses, the court found credible K.F.'s statement that her back pain was [REDACTED]. The court further found the amount paid for chiropractic expenses was reasonable. The court also found K.F. credible as to her explanation for why she did not get the dental implant done when she still had insurance. The court also found reasonable the amount of the dental implant. The court ordered J.A. to pay K.F. restitution in the amount of $17,633.

4

On February 5, 2024, the juvenile court held a hearing [REDACTED]

The court [REDACTED]

dismissed the petition, and ordered the records sealed.

J.A. timely appealed the juvenile court's restitution order.[4]

## II.  DISCUSSION

We have reviewed the record under *Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106.  Having undertaken an examination of the record related to the restitution proceedings, we find no arguable error that would result in a disposition more favorable to J.A.  We therefore affirm the restitution order.

## III.  DISPOSITION

The restitution order is affirmed.

---

[4] "A minor is not relieved from the obligation to pay victim restitution, restitution fines, and court-ordered fines and fees because the minor's records are sealed."  (§ 786, subd. (h).)

_____
Danner, J.

WE CONCUR:

_____
Greenwood, P. J.

_____
Bromberg, J.

**H053004**
***People v. J.A.***